11 ARMSTRONG, Judge.
In this writ application, the relators appeal a judgment, rendered upon an exception of no cause of action, which dismissed their reconventional demand which they filed against the attorney and law firm representing their adversary in litigation. We believe that the trial court was correct in its judgment and, therefore, we deny relief.
The defendants-reconvenors-relators, the Assavedos, were sued by a bank on a promissory note. Dolores Assavedo was served with the citation and petition. She telephoned the attorney for the bank to inquire about the lawsuit (apparently using the attorney’s name and telephone number appearing on the petition). She did not reach the attorney himself but spoke instead to an unnamed employee in the attorney’s law firm office. The law firm employee told Mrs. Assavedo to have her son, Lonnie Assavedo, call a Mr. Rodney Loar at the bank.
The Assavedos allege that the bank ultimately took a default judgment against them. They also assert that the law office employee of the attorney representing the bank should have instructed Dolores Assa-vedo to hire an attorney | ¡.and they allege that, if the law firm employee had instructed Dolores Assavedo to hire an attorney, then the bank would not have obtained a default judgment against them.
The Assavedo’s reconventional demand seeks to hold liable the attorney and his law firm for damages they allegedly suffered as' a result of the default judgment.
The Assavedos base their claim against the attorney and his law firm upon Rule 4.3 of the Code of Professional Conduct, which Rule states:
Rule 4.3 Dealing with unrepresented person
A lawyer shall assume that an unrepresented person does not understand the lawyer’s role in a matter and the lawyer shall carefully explain to the unrepresented person the lawyer’s role in the matter.
During the course of a lawyer’s representation of a client, the lawyer should not give advice to a non-represented person other than the advice to obtain counsel.
(Emphasis added)
The respondent attorney and employee argue (1) that their employee did not give “advice” to Dolores Assavedo within the meaning of Rule 4.3 and (2) there is no civil cause of action (as opposed to a Bar disciplinary action) for breach of the Rules of Professional Conduct.
The respondents cite in support of then-second argument the American Bar Association Center for Professional Responsibility, Annotated Model Rules of Professional Conduct (4 th ed. 1999), Preamble, Paragraph 18 at xvii, which states:
Violation of a Rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been | ¡¡breached. The Rules are designated to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purpose of the rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a Rule is a just basis for a lawyer’s self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to *164 seek enforcement of the Rule. Accordingly, nothing in the Rules should be deemed to augment any substantive legal duty of lawyers or the extra-disciplinary consequences of violating such a duty.
(emphasis added). However, although the position of the ABA, which drafted Rule 4.3, squarely supports the respondents’ position, we prefer to rest our court decision on the respondent’s first argument.
We do not believe that the employee who told Mrs. Assavedo to have her son call the bank gave “advice” within the meaning of Rule 4.3. The term “advice”, in the legal context, contemplates something of more substance than occurred in the discussion between the law firm employee and Dolores Assavedo in the present case. In this case, all that occurred of substance (allegedly) was later discussion between the bank employee and the As-savedos. Further, it is neither unusual nor undesirable for debtors to negotiate directly with their creditors without the intervention of counsel, so it cannot be said that the law firm acted maliciously. If the bank employee did act improperly, that was not the fault of the law firm employee. Also, Mrs. Assavedo sought to discuss the bank’s lawsuit and, in terms of attorneys not taking advantage of unrepresented lay persons (the apparent policy of Rule 4.3), it probably was best that the law office directed Mrs. Assavedo to the bank rather than the law office dealing more extensively with Dolores Assavedo.

WRIT DENIED.